IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRIUS EDGE, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : |
| GENERAL MILLS OPERATIONS, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff is seeking leave to amend the complaint to add a Title VII claim in separate class action litigation in which he is a named plaintiff and which is pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. (*See* Docs. 20 & 20-1.) To preserve all rights related to his Title VII race discrimination claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## **PARTIES**

4.

Plaintiff is a Black male and a former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia, until he was terminated in February 2024.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## **ADMINISTRATIVE PROCEEDINGS**

7.

Defendant is a covered employer under Title VII.

8.

Following his termination, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.

The EEOC issued Plaintiff a Notice of the Right to Sue against Defendant, and this lawsuit was timely filed thereafter.

10.

Plaintiff made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

11.

All conditions precedent to jurisdiction under Title VII have been satisfied.

12.

All administrative prerequisites for filing suit on Plaintiff's claims have been satisfied.

13.

This suit is timely, appropriate, and valid in all respects.

## STATEMENT OF FACTS

14.

Like many Black technicians at General Mills Covington, Plaintiff Darrius Edge got stuck on Level 2.

15.

From at least June 2, 2020, through the current date and before, white C-5's, like Jeff Pierce and Steve Henson, have routinely refused to train Black employees. As a result, Edge, even though he was a C-2, was responsible for training other technicians without any additional pay to do so. In other words, even though he does not receive the additional pay that the white C-5's are paid, General Mills requires him to train Black employees who the white C-5's refused to train thus

causing a racially motivated disparate pay system between Black and white employees.

16.

In a large quarterly meeting that included white leadership on or about February 20, 2024, Edge stated that training at General Mills was unfair in that –

(a) Black employees were not given the same training opportunities as white employees.

(b) White Level 5 Technicians refused to train lower-level Black Technicians.

(c) Black employees' promotions were delayed for reasons related to training or test-taking.

(d) Lower-level Technicians were inappropriately being required to train other employees because Level 5 Technicians refused to do it.

17.

Two days after making these comments in a meeting, Edge was terminated in retaliation for his comments because of a clock-in practice that his direct supervisor told him was permitted. On information and belief, the same clock-in practice has been used by white employees, but they have not been terminated. Additionally, the termination did not follow General Mills' step and points

progressive discipline procedures that General Mills uses to discipline white employees before termination.

## COUNT ONE

### Title VII: Disparate Treatment/Discrimination

18.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

19.

Plaintiff is a member of a class protected by Title VII.

20.

Defendant is a covered employer under Title VII.

21.

Plaintiff was qualified for the job that he was performing at the time he was terminated.

22.

Plaintiff suffered an adverse employment action despite being qualified for his position.

23.

Plaintiff was treated less favorably than similarly situated employees outside of his protected class.

24.

Similarly situated white employees engaged in the same conduct as Edge and were not terminated.

25.

Plaintiff's race was a motivating factor for the adverse employment actions taken against him.

26.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

27.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

**COUNT TWO**

Title VII:  Retaliation

28.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

29.

Plaintiff is a member of a class protected by Title VII.

30.

Defendant is a covered employer under Title VII.

31.

Plaintiff engaged in a protected activity when he complained about race discrimination and disparate treatment on the basis of race in a large quarterly meeting on or about February 20, 2024.

32.

In retaliation for Plaintiff's protected activity and because of his race, Defendant took materially adverse actions against him, including disciplining him, terminating him, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, and taking disparate adverse actions against him.

33.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against him.

34.

Plaintiff asserts a retaliation claim pursuant to Title VII.

35.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT THREE

Title VII:  Hostile Work Environment

36.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

37.

Plaintiff was discriminated against and harassed as a result of his race by General Mills' supervisors and subordinates.

38.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

39.

General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

40.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

41.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful

employment practices that give Black employees the full benefit of employment at General Mills;

(c) Reinstatement of Plaintiff;

(d) Full amount of financial losses caused to Plaintiff as a result of the racist employment practices at the Covington facility;

(e) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(f) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(g) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(h) Judgment against Defendant for damages incurred by Plaintiff;

(i) Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(j) An award of pre-judgment and post-judgment interest;

(k)     A trial by jury on all issues triable to a jury; and

(l)     Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

        By:   /s/ Douglas H. Dean
                Georgia Bar No. 130988
                Attorney for Plaintiff
                Dean Thaxton, LLC
                601 E. 14th Avenue (31015)
                Post Office Box 5005
                Cordele, Georgia 31010
                T: (229) 271-9323
                F: (229) 271-9324
                E: *doug@deanthaxton.law*

        By:   /s/ Linda G. Carpenter
                Georgia Bar No. 111285
                Attorney for Plaintiff
                The Brosnahan Law Firm
                31 Lenox Pointe, NE
                Atlanta, GA 30324
                T: (404) 853-8964
                F: (678) 904-6391
                E: *lgc@brosnahan-law.com*